UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MONICA LEE,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC.; et al.,

    Defendants.

2:12-cv-0136-LRH-GWF

ORDER

    Before the court is defendants Countrywide Home Loan, Inc. ("Countrywide") and ReconTrust Company, N.A.'s ("ReconTrust") motion to dismiss. Doc. #14.[1] Plaintiff Monica Lee ("Lee") filed an opposition (Doc. #16) and a counter-motion to amend (Doc. #17).

**I.    Facts and Procedural History**

    In August 2005, Lee purchased real property through a mortgage note and deed of trust originated by defendant Countrywide. Eventually, Lee defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

    Subsequently, Lee filed a complaint in state court against defendants alleging two causes of action: (1) wrongful foreclosure; and (2) quite title. Doc. #1. Thereafter, defendants filed the present motion to dismiss. Doc. #14.

---

[1] Refers to the court's docket entry number.

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual

allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.  Discussion**

    **A. Wrongful Foreclosure**

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Lee was in default on her mortgage obligations so there can be no sustainable action for wrongful foreclosure.

Further, to rescind a trustee's sale pursuant to NRS 107.080, a plaintiff must bring an appropriate action within ninety (90) days. NRS 107.080(5). Here, the trustee's sale took place on May 6, 2011. Lee did not file the present action until January 27, 2012, over five months after the ninety day deadline terminated. Therefore, Lee has no basis to void the trustee's sale and the court shall grant defendants' motion accordingly.

    **B. Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS 40.010. Here, no defendant is claiming an interest in the property that is adverse to Lee as the property has already been sold at a trustee's sale to a third-party. Therefore, Lee has no grounds to quiet title against defendants and the court shall grant the motion to dismiss as to this issue.

    **C. Motion to Amend**

A party may amend its pleadings after a responsive pleading has been filed by leave of court. FED. R. CIV. P. 15(a)(2). Leave of court to amend should be freely given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD*

*Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

Here, Lee requests the court grant her leave to amend her claim, but fails to identify how she would amend her claim or what claims or allegations she could add that would rectify the identified claim defects. Further, Lee has failed to provide a copy of the proposed amended complaint in accordance with LR 15-1. Finally, the court finds that allowing an amended complaint would unduly prejudice defendants as this is the third separate action brought by Lee concerning the underlying property. Accordingly, the court shall deny Lee's motion to amend.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #14) is GRANTED. Plaintiff's complaint (Doc. #1) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that plaintiff's motion to amend (Doc. #17) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE