1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONICA LEE, an individual, | Case No.: 2:12-cv-00136-LRH-GWF |
| Plaintiff, | |
| vs. | |
| BAC HOME LOANS SERVICING, LP; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, Inc., a Delaware corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; RECONTRUST COMPANY; AND DOES individuals 1 to 100, inclusive; and ROES Corporations 1 to 30, inclusive; and all other persons or entities unknown claiming any right, title, estate, lien, or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, | **ORDER CANCELING LIS PENDENS** |
| Defendants. | |

The Court finds Lee recorded four (4) separate Notices of Lis Pendens Affecting Real Property on or about August 31, 2011, November 14, 2011, February 7, 2012, and February 8, 2012, respectively, as Instrument Numbers 201108310001762, 201111140000650, 201202070000681, and 201202080000118, respectively, in real property records maintained by the Clark County Recorder.

Copies of the four (4) Lis Pendens are attached as **Exhibits A, B, C, and D** and fully incorporated by reference.

On September 12, 2011 Lee filed an action in Case No. A-11-647394-C against defendants. The case was removed to the Eighth Judicial District Court on September 29, 2011 as Case 2:11-cv-01583-JCM–PAL and defendants filed a motion to dismiss.  Judge Mahan dismissed Lee's complaint in its entirety.  *See* Order Granting Motion to Dismiss First Complaint, **Exhibit E**.

On September 13, 2011 Lee filed a second complaint in United States District Court, District of Nevada, Case No. 2:11-cv-01473-GMN-CWH, based on identical facts involving the same property.  After Defendants again filed a motion to dismiss, Judge Navarro dismissed Lee's second complaint in its entirety.  *See* Order Granting Motion to Dismiss Second Complaint, **Exhibit F**.

On April 25, 2012, Lee filed a third complaint (the **instant action**), relating to the same property and the same underlying facts.  On April 25, 2012, defendants filed a motion to dismiss [Dkt. 14], which this Court granted on July 5, 2012 [Dkt. 18].  On August 10, 2012, defendants filed a motion to expunge lis pendens [Dkt. 20], which this Court granted on December 18, 2012 [Dkt. 22].

The Court:

1.      Orders, adjudges, and decrees that all of the above-referenced Lis Pendens are canceled, released and expunged.

2.      Further orders, adjudges and decrees that this Order canceling all of the above-referenced Lis Pendens has the same effect as an expungement of all of the original Lis Pendens.

/ / /

2

3.     Further orders, adjudges and decrees defendants record a properly certified copy of this Cancellation Order in the real property records of Clark County, Nevada within a reasonable amount of time from the date of this Order's issue.

APPROVED:

DATED this 23rd day of February, 2013.

_____

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3

# Exhibit A

# Exhibit A

Inst #: 201108310001762
Fees: $16.00
N/C Fee: $0.00
08/31/2011 09:47:38 AM
Receipt #: 898769
Requestor:
JUNES LEGAL SERVICES
Recorded By: EAH   Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

**APN#**   176-20-110-158

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx



## TITLE OF DOCUMENT   (DO NOT Abbreviate)

Notice of Lis Pendens Affecting Real Property

**Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.**

**Recording requested by:**

Monica Lee

**Return to:**

**Name**   Monica Lee

**Address**   5402 Night Swim Lane

**City/State/Zip**   Las Vegas, NV 89134

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

Electronically Filed
08/30/2011 03:39:15 PM

CLERK OF THE COURT

RECORDING REQUESTED BY: Plaintiff: Monica Lee
AND WHEN RECORDED MAIL TO:

**LISP**
Monica Lee (in pro se)
5402 Night Swim Ln
Las Vegas NV 89113
702-338-1902
Antony706@hotmail.com

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MONICA LEE, an individual,

    Plaintiff(s)

    vs.

BAC HOME LOANS SERVICING, LP;
MERSCORP, INC., a Virginia Corporation,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. a subsidiary of MERSCORP,
Inc., a Delaware corporation; FEDERAL
NATIONAL MORTGAGE ASSOCIATION;
RECONTRUST COMPANY; AND DOES
individuals 1 to 100, Inclusive; and ROES
Corporations 1 to 30, Inclusive; and all other
persons and entities unknown claiming any right,
title, estate, lien or interest in the real property
described in the Complaint adverse to Plaintiff's
ownership, or any cloud upon Plaintiff's title
thereto,

    Defendants.

CASE NO.: A-11-647394-C

DEPARTMENT: VII

## NOTICE OF LIS PENDENS AFFECTING REAL PROPERTY

NOTICE: THIS LIS PENDENS IS EFFECTIVE UPON
SERVICE OF THE PARTY REQUESTING SAME
WHEN ISSUED AND AGAINST THE OTHER PARTY
WHEN SERVED, AND SHALL REMAIN IN EFFECT
FROM THE TIME OF ITS ISSUANCE UNITL TRIAL
OR UNTIL DISSOLVED OR MODIFIED BY THE
COURT. DISOBEDIENCE OF THIS LIS PENDENS IS
PUNISHABLE BY CONTEMPT

## TO: ALL INTERESTED PARTIES

NOTICE IS HEREBY GIVEN pursuant to NRS Chapter 14, NRS 125.220, and NRS Chapter
608, that there is currently pending in the Judicial District Court.

The action which affects the Title to a specific parcel of real property and the right to lawful
possession of the same, the property location is:

    9168 Wine Cellar Avenue,   Las Vegas NV 89148

NOTICE OF PENDENCY OF ACTION

1

And of which the legal description is as follows:   APN# 176-20-110-158

MINERIDGE EST PHASE 1  LOT 158, Plat Book 118, Page 25, Block X and by Certificate of record on 9/08/2005 in Book 20050908 as Inst. No.04369 all in the office of the County Recorder for Clark County, NEVADA.

and which is identified in the complaint of this action.

The property affected by the action is located in the County of Clark, Nevada. The natures of the claims are:

1. Violations of Unfair Lending Practices-NRS 598(D)
2. Deceptive Trade Practices
3. Conversion
4. Conspiracy to Conversion Related to MERS System
5. Inspection and Accounting
6. Unjust Enrichment
7. Breach of Good Faith and Fair Dealing
8. Injunctive Relief
9. Declaratory Relief
10. Violations of the Fair Housing Act 42 U.S.C. §3601 et seq.
11. Forcible Entry
12. Forcible Detainer
13. Wrongful Ejectment
14. Wrongful Occupancy To Land
15. Trespass

**NOTICE IS FURTHER GIVEN that YOU ARE HEREBY PROHIBITED AND RESTRAINED FROM;** transferring, encumbering, selling or otherwise disposing of any portion of said real property without the written permission of the court.

DATED this 22 day of August , 2011.

Plaintiff Signature(s):

Monica Lee (in pro se)
5402 Night Swim Ln
Las Vegas NV 89113
702-338-1902
Antony706@hotmail.com

**ACKNOWLEDGEMENT**

Subscribed and sworn to before me this 22 day of August 2011:

Signed: D. San Juan          Seal:

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
D. SAN JUAN
No. 05-99941-1
My Appointment Expires Dec. 1, 2012

NOTARY PUBLIC in and for the County of Clark, Stat

NOTICE OF PENDENCY OF ACTION

2

# Exhibit  B

# Exhibit  B

Inst #: 201111140000650
Fees: $19.00
N/C Fee: $0.00
11/14/2011 09:11:02 AM
Receipt #: 975789
Requestor:
PHUOC TRAN
Recorded By: SCA   Pgs: 3
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

③

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

APN# _176 - 20 - 110 - 158_
11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

### TITLE OF DOCUMENT   (DO NOT Abbreviate)

_Notice - of - Lis pendens - Affecting_
_Real - property_

**Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.**

**Recording requested by:**

_Phuoc - Tran_

**Return to:**

Name _Monica - Lee_

Address _8402 - Night - Swim_

City/State/Zip _Las - Vegas - NV 89113._

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

Electronically Filed
08/30/2011 03:39:15 PM

*[signature]*

CLERK OF THE COURT

1   RECORDING REQUESTED BY: Plaintiff: Monica Lee
    AND WHEN RECORDED MAIL TO:

2   **LISP**
3   Monica Lee (in pro se)
    5402 Night Swim Ln
4   Las Vegas NV 89113
    702-338-1902
5   Antony706@hotmail.com

6   SPACE ABOVE THIS LINE FOR RECORDER'S USE

7                    **DISTRICT COURT**

8                 **CLARK COUNTY, NEVADA**

9
10  MONICA LEE, an individual,          ) CASE NO.: A-11-647394-C
                                        )
11          Plaintiff(s)                )
                                        ) DEPARTMENT: VII
12          vs.                         )
                                        )
    BAC HOME LOANS SERVICING, LP;       )
13  MERSCORP, INC., a Virginia Corporation, ) **NOTICE OF LIS PENDENS**
    MORTGAGE ELECTRONIC REGISTRATION    )
14  SYSTEMS, INC. a subsidiary of MERSCORP, ) **AFFECTING REAL PROPERTY**
    Inc., a Delaware corporation; FEDERAL ) NOTICE: THIS LIS PENDENS IS EFFECTIVE UPON
15  NATIONAL MORTGAGE ASSOCIATION;      ) SERVICE OF THE PARTY REQUESTING SAME
    RECONTRUST COMPANY; AND DOES        ) WHEN ISSUED AND AGAINST THE OTHER PARTY
16  individuals 1 to 100, Inclusive; and ROES ) WHEN SERVED, AND SHALL REMAIN IN EFFECT
    Corporations 1 to 30, Inclusive; and all other ) FROM THE TIME OF ITS ISSUANCE UNITL TRIAL
17  persons and entities unknown claiming any right, ) OR UNTIL DISSOLVED OR MODIFIED BY THE
    title, estate, lien or interest in the real property ) COURT. DISOBEDIENCE OF THIS LIS PENDENS IS
18  described in the Complaint adverse to Plaintiff's ) PUNISHABLE BY CONTEMPT
    ownership, or any cloud upon Plaintiff's title )
19  thereto,                            )
                                        )
20          Defendants.                 )
                                        )
21
22
23
24  **TO: ALL INTERESTED PARTIES**
    NOTICE IS HEREBY GIVEN pursuant to NRS Chapter 14, NRS 125.220, and NRS Chapter
25  608, that there is currently pending in the Judicial District Court.
    The action which affects the Title to a specific parcel of real property and the right to lawful
26  possession of the same, the property location is:

27      9168 Wine Cellar Avenue,   Las Vegas NV 89148
28

NOTICE OF PENDENCY OF ACTION

1

And of which the legal description is as follows:   APN# 176-20-110-158

WINERIDGE EST PHASE 1 LOT 158, Plat Book 118, Page 25, Block X and by Certificate of record on 9/08/2005 in Book 20050908 as Inst. No.04369 all in the office of the County Recorder for Clark County, NEVADA.

and which is identified in the complaint of this action.

The property affected by the action is located in the County of Clark, Nevada. The natures of the claims are:

1. Violations of Unfair Lending Practices-NRS 598(D)
2. Deceptive Trade Practices
3. Conversion
4. Conspiracy to Conversion Related to MERS System
5. Inspection and Accounting
6. Unjust Enrichment
7. Breach of Good Faith and Fair Dealing
8. Injunctive Relief
9. Declaratory Relief
10. Violations of the Fair Housing Act 42 U.S.C. §3601 et seq.
11. Forcible Entry
12. Forcible Detainer
13. Wrongful Ejectment
14. Wrongful Occupancy To Land
15. Trespass

NOTICE IS FURTHER GIVEN that YOU ARE HEREBY PROHIBITED AND RESTRAINED FROM; transferring, encumbering, selling or otherwise disposing of any portion of said real property without the written permission of the court.

DATED this 22 day of August , 2011.

Plaintiff Signature(s):

I hereby attest and certify on 11/8/11 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy Clerk

Monica Lee (in pro se)
5402 Night Swim Ln
Las Vegas NV 89113
702-338-1902
Antony706@hotmail.com

Subscribed and sworn to before me this 22 day of August 2011.

Signed: D. San Juan          Seal:

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
D. SAN JUAN
No. 05-99041-1
My Appointment Expires Dec. 1, 2012

NOTARY PUBLIC in and for the County of Clark, State

NOTICE OF PENDENCY OF ACTION

2

# Exhibit  C

# Exhibit  C

Inst #: 201202070000681
Fees: $18.00
N/C Fee: $0.00
02/07/2012 09:25:20 AM
Receipt #: 1058691
Requestor:
PHUOC TRAN
Recorded By: SUO   Pgs: 2
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

APN# *176 - 20 - 110 - 158*

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

## TITLE OF DOCUMENT   (DO NOT Abbreviate)

*Note Lis Pendens - Complaint Nd.
For Demand - Jury Trial*

**Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.**

**Recording requested by:**

*Phuoc Tran*

**Return to:**

**Name** *Monica - Lee.*

**Address** *5402 Night Sunnis*

**City/State/Zip** *Las - Vjas - N x - 89113*

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

1  | LIS PENDENS
2  | COMPLAINT JURY TRIAL
   | MONICA LEE
3  | MAILING ADDRESS:
   | 5402 Night Swim Lane
4  | Las Vegas, NV 89113
   | 702-338-1902
5  | PLAINTIFF PRO SE

LIS PENDENS

2012 JAN 27  A 10: 27

### DISTRICT COURT

### CLARK COUNTY NEVADA

MONICA LEE,

        Plaintiff,

     -vs-

COUNTRYWIDE HOME LOANS INC.;  and
RECONTRUST COMPANY N.A.;

        Defendants.

**2:12-cv-00136-LRH -GWF**

### LIS PENDENS COMPLAINT AND DEMAND FOR JURY TRIAL

COMES now Plaintiff, Monica Lee, an individual and hereby submits this Complaint in Proper

Person and claims that COUNTRYWIDE HOME LOANS INC.; RECONTRUST COMPANY N.A.; now

known collectively as Defendants conspired to foreclose on the Plaintiff's Property. *9168 – WIVE*

*CELLAR -Ave Las Vgs-89148* **PARTIES**

1.    Plaintiff is a citizen of Clark County and an individual acting in Proper Person before this

Honorable Court.

2.    Defendant Countrywide Home Loans Inc., (Countrywide) is a foreign corporation residing in

New York and operating a business in the State of California.

3.    Defendant Recontrust Company N.A. was a Nevada Corporation operating a business in the State

of Nevada.

I hereby attest and certify on __1/27/12__
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA,

By _____ Deputy Clerk

# Exhibit  D

# Exhibit  D

Inst #: 201202080000118

Fees: $28.00
N/C Fee: $0.00
02/08/2012 08:16:46 AM
Receipt #: 1059923
Requestor:
XPEDIENT RUNNER SERVICE INC
Recorded By: CDE  Pgs: 12
DEBBIE CONWAY
CLARK COUNTY RECORDER



## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

APN# 176-20-110-158

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

## TITLE OF DOCUMENT   (DO NOT Abbreviate)

*Amended Order Cancelling Lis Pendens*

**Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.**

**Recording requested by:**

*Akerman Santerfitt*

**Return to:**

Name *Akerman Senterfitt*

Address *1160 Town Center Drive, Suite 330*

City/State/Zip *Las Vegas, NV 89144*

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

Case 2:12-cv-00136-LRH-GWF   Document 25   Filed 02/26/13   Page 17 of 39
Case 2:11-cv-01473-GMN -CWH   Document 28   Filed 01/19/12   Page 1 of 11

T118814

1   ARIEL E. STERN, ESQ.
    Nevada Bar No. 8276
2   CHRISTINE M. PARVAN, ESQ.
    Nevada Bar No. 10711
3   Akerman Senterfitt LLP
    1160 Town Center Drive, Suite 330
4   Las Vegas, Nevada 89144
    Telephone:    (702) 634-5000
5   Facsimile:    (702) 380-8572
    Email: ariel.stern@akerman.com
6   Email: christine.parvan@akerman.com

7   *Attorneys for Defendants*
    *Bank of America, N.A., successor by merger to BAC*
8   *Home Loans Servicing, LP, MERSCORP, Inc.,*
    *Mortgage Electronic Registration Systems, Inc.,*
9   *Federal National Mortgage Association, and*
    *ReconTrust Company, N.A.*
10

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF NEVADA**

13

14   MONICA LEE, an individual,              Case No.: 2:11-cv-01473-GMN-CWH

15                         Plaintiff,

16   vs.

17   BAC HOME LOANS SERVICING, LP;          **AMENDED  ORDER  CANCELING  LIS**
     MERSCORP, INC., a Virginia corporation; **PENDENS**
18   MORTGAGE ELECTRONIC REGISTRATION
     SYSTEMS, INC., a subsidiary of MERSCORP,
19   Inc., a Delaware corporation; FEDERAL
     NATIONAL MORTGAGE ASSOCIATION;
20   RECONTRUST COMPANY; AND DOES
     individuals 1 to 100, inclusive; and ROES
21   Corporations 1 to 30, inclusive; and all other
     persons or entities unknown claiming any right,
22   title, estate, lien, or interest in the real property
     described in the Complaint adverse to Plaintiff's
23   ownership, or any cloud upon Plaintiff's title
     thereto,
24
                          Defendants.
25

26        On January 5, 2012 this Court issued an Order [Dkt. 23] granting defendants' Bank of

27   America, N.A., successor by merger to BAC Home Loans Servicing, LP (**BANA**), MERSCORP,

28   Inc. (**MERSCORP**), Mortgage Electronic Registration Systems, Inc. (**MERS**), Federal National

AKERMAN SENTERFITT LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Mortgage Association (**FNMA**), and ReconTrust Company, N.A. (**ReconTrust**, and together with BANA, MERSCORP, MERS and FNMA, **defendants**)) Motion to Dismiss [Dkt. 17].

Defendants request that the lis pendens currently recorded against the subject property by plaintiff Monica Lee (**plaintiff**) be canceled.

The Court finds that plaintiff recorded two separate notices of lis pendens affecting real property. Plaintiff recorded the first notice of lis pendens on August 31, 2011 as Instrument No. 201108310001762 in the real property records maintained by the Clark County Recorder.. Plaintiff recorded the second notice of lis pendens on November 14, 2011 as Instrument No. 201111140000650. Copies of the Lis Pendens are attached hereto as Exhibits A and B, respectively, and fully incorporated by reference.

UPON CONSIDERATION of defendants' request to cancel the two referenced Lis Pendens, the Court grants defendants' requested relief and rules as follows:

Both of the lis pendens recorded by plaintiff as Instrument Nos. 201108310001762 and 201111140000650 are hereby cancelled, released and expunged.

This Order has the same effect as an expungement of both of the lis pendens filed as Instrument Nos. 201108310001762 and 201111140000650, respectively.

///

///

///

///

///

///

///

///

///

///

///

///

AKERMAN SENTERFITT LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{22978216;1}

2

1       Defendants shall record a properly certified copy of this cancellation order in the real

2  property records of Clark County, Nevada within ten (10) days of the date of this Order's issue.

3       **DATED** this 19th day of January, 2012.

4

5

6              Gloria M. Navarro
              United States District Judge

7

8  **AKERMAN SENTERFITT LLP**

9   /s/  Christine M. Parvan
   ARIEL E. STERN, ESQ.
10  Nevada Bar No. 8276
   CHRISTINE M. PARVAN, ESQ.
11  Nevada Bar No. 10711
   1160 Town Center Drive, Suite 330
12  Las Vegas, Nevada  89144

13  *Attorneys for Defendants*
   *Bank of America, N.A., successor by merger*
14  *to BAC Home Loans Servicing, LP, MERSCORP*
   *Inc., Mortgage Electronic Registration Systems, Inc.,*
15  *Federal National Mortgage Association,*
   *and ReconTrust Company, N.A.*

16

17

18

19

20

21

22

23

24

25

26

27

28

{22978216;1}

**AKERMAN SENTERFITT LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

# Exhibit A

# Exhibit A

Inst #: 201108310001762
Fees: $16.00
N/C Fee: $0.00
08/31/2011 09:47:38 AM
Receipt #: 898769
Requestor:
JUNES LEGAL SERVICES
Recorded By: EAH   Pgs: 3
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

**APN#**  176-20-110-158

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx



## TITLE OF DOCUMENT   (DO NOT Abbreviate)

Notice of Lis Pendens Affecting Real Property

**Title of the Document on cover page must be EXACTLY as it appears on the first page of the document to be recorded.**

**Recording requested by:**

Monica Lee

**Return to:**

**Name**  Monica Lee

**Address**  5402 Night Swim Lane

**City/State/Zip**  Las Vegas, NV 89134

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

Electronically Filed
08/30/2011 03:39:15 PM

*[signature]*

**CLERK OF THE COURT**

RECORDING REQUESTED BY: Plaintiff:  Monica Lee
AND WHEN RECORDED MAIL TO:

**LISP**
Monica Lee (in pro se)
5402 Night Swim Ln
Las Vegas NV 89113
702-338-1902
Antony706@hotmail.com

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MONICA LEE, an  individual,

        Plaintiff(s)

        vs.

BAC HOME LOANS SERVICING, LP;
MERSCORP, INC., a Virginia Corporation,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. a subsidiary of MERSCORP,
Inc., a Delaware corporation; FEDERAL
NATIONAL MORTGAGE ASSOCIATION;
RECONTRUST COMPANY; AND DOES
individuals 1 to 100, Inclusive; and ROES
Corporations 1 to 30, Inclusive; and all other
persons and entities unknown claiming any right,
title, estate, lien or interest in the real property
described in the Complaint adverse to Plaintiff's
ownership, or any cloud upon Plaintiff's title
thereto,

        Defendants.

CASE NO.: A-11-647394-C

DEPARTMENT: VII

## NOTICE OF LIS PENDENS
## AFFECTING REAL PROPERTY

**NOTICE: THIS LIS PENDENS IS EFFECTIVE UPON
SERVICE OF THE PARTY REQUESTING SAME
WHEN ISSUED AND AGAINST THE OTHER PARTY
WHEN SERVED, AND SHALL REMAIN IN EFFECT
FROM THE TIME OF ITS ISSUANCE UNITL TRIAL
OR UNTIL DISSOLVED OR MODIFIED BY THE
COURT. DISOBEDIENCE OF THIS LIS PENDENS IS
PUNISHABLE BY CONTEMPT**

## TO: ALL INTERESTED PARTIES
NOTICE IS HEREBY GIVEN pursuant to NRS Chapter 14, NRS 125.220, and NRS Chapter
608, that there is currently pending in the Judicial District Court.
The action which affects the Title to a specific parcel of real property and the right to lawful
possession of the same, the property location is:

      9168  Wine  Cellar  Avenue,    Las Vegas NV 89148

NOTICE OF PENDENCY OF ACTION

1

And of which the legal description is as follows:   APN# 176-20-110-158

WINERIDGE EST PHASE 1   *LOT 158, Plat Book 116, Page 25, Block X and by Certificate of record on 9/08/2005 in Book 20050908 as Inst. No.04369 all in the office of the County Recorder for Clark County, NEVADA.*

and which is identified in the complaint of this action.

The property affected by the action is located in the County of Clark, Nevada. The nature of the claims are:
1. Violations of Unfair Lending Practices-NRS 598(D)
2. Deceptive Trade Practices
3. Conversion
4. Conspiracy to Conversion Related to MERS System
5. Inspection and Accounting
6. Unjust Enrichment
7. Breach of Good Faith and Fair Dealing
8. Injunctive Relief
9. Declaratory Relief
10. Violations of the Fair Housing Act 42 U.S.C. §3601 *et seq.*
11. Forcible Entry
12. Forcible Detainer
13. Wrongful Ejectment
14. Wrongful Occupancy To Land
15. Trespass

NOTICE IS FURTHER GIVEN that YOU ARE HEREBY PROHIBITED AND RESTRAINED FROM; transferring, encumbering, selling or otherwise disposing of any portion of said real property without the written permission of the court.

DATED this 22 day of August , 2011.

Plaintiff Signature(s):

Monica Lee (in pro se)
5402 Night Swim Ln
Las Vegas NV 89113
702-338-1902
Antony706@hotmail.com

ACKNOWLEDGMENT

Subscribed and sworn to before me this 22 day of August 2011.

Signed: D. San Juan          Seal:

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
D. SAN JUAN
No 05-93941-1
My Appointment Expires Dec. 1, 2012

NOTARY PUBLIC in and for the County of Clark, State of Nevada.

NOTICE OF PENDENCY OF ACTION

2

# Exhibit  B

# Exhibit  B

{20722467.1}

Inst #: 201111140000650
Fees: $19.00
N/C Fee: $0.00
11/14/2011 09:11:02 AM
Receipt #: 975789
Requestor:
PHUOC TRAN
Recorded By: SCA   Pgs: 3
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

(3)

## RECORDING COVER PAGE

Must be typed or printed clearly in black ink only.

APN# 176 - 20 - 110 - 158

11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx

### TITLE OF DOCUMENT   (DO NOT Abbreviate)

NOTICE - OF - LIS PENDENS - AFFECTING
REAL - PROPERTY

Title of the Document on cover page must be EXACTLY as it appears on the first
page of the document to be recorded.

Recording requested by:

D MULE - TRAN

Return to:

Name   MONICA - LEE

Address   8402 - NIGHT - SWIM

City/State/Zip   Las - Vegas - NV 89113

This page provides additional information required by NRS 111.312 Sections 1-2.

An additional recording fee of $1.00 will apply.

To print this document properly—do not use page scaling.

P:\Recorder\Forms 12_2010

Electronically Filed
08/30/2011 03:39:16 PM

*Steven D. Grierson*

CLERK OF THE COURT

1   RECORDING REQUESTED BY: Plaintiff: Monica Lee
    AND WHEN RECORDED MAIL TO:
2
    LISP
3   Monica Lee (in pro se)
    5402 Night Swim Ln
4   Las Vegas NV 89113
    702-338-1902
5   Antony706@hotmail.com

6   SPACE ABOVE THIS LINE FOR RECORDER'S USE

7                    DISTRICT COURT

8              CLARK COUNTY, NEVADA

9
10  MONICA LEE, an individual,          ) CASE NO.: A-11-647394-C
                                         )
11         Plaintiff(s)                   )
                                         )
12         vs.                            ) DEPARTMENT: VII
                                         )
    BAC HOME LOANS SERVICING, LP;        )
13  MERSCORP, INC., a Virginia Corporation, ) **NOTICE OF LIS PENDENS**
    MORTGAGE ELECTRONIC REGISTRATION      )
14  SYSTEMS, INC. a subsidiary of MERSCORP, ) **AFFECTING REAL PROPERTY**
    Inc., a Delaware corporation; FEDERAL ) NOTICE: THIS LIS PENDENS IS EFFECTIVE UPON
15  NATIONAL MORTGAGE ASSOCIATION;        ) SERVICE OF THE PARTY REQUESTING SAME
    RECONTRUST COMPANY; AND DOES          ) WHEN ISSUED AND AGAINST THE OTHER PARTY
16  individuals 1 to 100, inclusive; and ROES ) WHEN SERVED, AND SHALL REMAIN IN EFFECT
    Corporations 1 to 30, inclusive; and all other ) FROM THE TIME OF ITS ISSUANCE UNTIL TRIAL
17  persons and entities unknown claiming any right, ) OR UNTIL DISSOLVED OR MODIFIED BY THE
    title, estate, lien or interest in the real property ) COURT. DISOBEDIENCE OF THIS LIS PENDENS IS
18  described in the Complaint adverse to Plaintiff's ) PUNISHABLE BY CONTEMPT
    ownership, or any cloud upon Plaintiff's title )
19  thereto,                              )
                                         )
20         Defendants.                    )
                                         )
21                                        )
                                         )
22                                        )
                                         )
23                                        )

24  **TO: ALL INTERESTED PARTIES**
    NOTICE IS HEREBY GIVEN pursuant to NRS Chapter 14, NRS 125.220, and NRS Chapter
25  608, that there is currently pending in the Judicial District Court.
    The action which affects the Title to a specific parcel of real property and the right to lawful
26  possession of the same, the property location is:

27       9168 Wine Cellar Avenue,   Las Vegas NV 89148

28
                         NOTICE OF PENDENCY OF ACTION

                                    1

And of which the legal description is as follows:   APN# 176-20-110-158

SINKIRIKI EST PHASE 1  LOT 158, Plat Book 118, Page 25, Block X and by
Certificate of record on 9/08/2005 in Book 20050908 as Inst. No.04369
all in the office of the County Recorder for Clark County, Nevada.

and which is identified in the complaint of this action.

The property affected by the action is located in the County of Clark, Nevada. The nature
of the claims are:
1. Violations of Unfair Lending Practices-NRS 598(D)
2. Deceptive Trade Practices
3. Conversion
4. Conspiracy to Conversion Related to MERS System
5. Inspection and Accounting
6. Unjust Enrichment
7. Breach of Good Faith and Fair Dealing
8. Injunctive Relief
9. Declaratory Relief
10. Violations of the Fair Housing Act 42 U.S.C. §3601 et seq.
11. Forcible Entry
12. Forcible Detainer
13. Wrongful Ejectment
14. Wrongful Occupancy To Land
15. Trespass

NOTICE IS FURTHER GIVEN that YOU ARE HEREBY PROHIBITED AND
RESTRAINED FROM; transferring, encumbering, selling or otherwise disposing of any
portion of said real property without the written permission of the court.

DATED this 22 day of August, 2011.

Plaintiff Signature(s):

Monica Lee (in pro se)
5402 Night Swim Ln
Las Vegas NV 89113
702-334-1902
Antony706@hotmail.com

I hereby attest and certify on 11/8/11
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy Clerk

Subscribed and sworn to before me this 22 day of August 2011.

Signed: D. San Juan        Seal:

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
D. SAN JUAN
My Appointment Expires Dec. 1, 2013

NOTARY PUBLIC in and for the County of Clark, State

NOTICE OF PENDENCY OF ACTION

2

I hereby attest and certify on 1-27-12
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy Clerk

# Exhibit  E

# Exhibit  E

1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                         **DISTRICT OF NEVADA**
7
8    MONICA LEE,                          2:11-CV-1583 JCM (PAL)
9              Plaintiff,
10
     v.
11
     BAC HOME LOANS SERVICING,
12   LP., et al.,
13            Defendants.
14
15                              **ORDER**

16         Presently before the court is defendants Bank of America, N.A., successor by merger to BAC

17   Home Loans Servicing, LP ("BofA"), MERSCORP, Inc., Mortgage Electronic Registration Systems,

18   Inc. ("MERS"), Federal National Mortgage Association ("FNMA"), and ReconTrust Company,

19   N.A.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #5). Plaintiff, appearing pro

20   se, has filed an opposition (doc. #9), to which defendants have not responded.

21                              **Background**

22         The facts, as alleged in the complaint, establish that on or about August 30, 2005, plaintiff

23   secured a loan to purchase property located at 9168 Wine Cellar Avenue, Las Vegas, NV 89148.

24   Compl. ¶ 2. The loan was secured by a first deed of trust on the property. *Id.* The basic premise of

25   plaintiff's lawsuit is that the note and deed of trust were separated from one another and thus the loan

26   was no longer secured by the deed of trust. *See id.* ¶ 3; Pl.'s Opp. at 2:8-9.

27
28

**James C. Mahan**
**U.S. District Judge**

1    The court has taken judicial notice of the public documents filed as exhibits to defendants'

2    motion to dismiss.  These documents shed additional light on the facts of this case.  For example,

3    the deed of trust was recorded on September 8, 2005 and CTC Real Estate Services was designated

4    as the trustee.  *See* Defs.' Mot. to Dismiss, Ex. A.  Defendant ReconTrust was later substituted as

5    trustee.  *Id.*, Ex. B.  On November 12, 2009, defendant MERS assigned the deed of trust to BofA,

6    and recorded the assignment on November 30, 2009.  *See id.*, Ex. C.  The deed of trust lists MERS

7    as the beneficiary and nominee of the lender and the lender's assigns.  *Id.*, Ex. A.  The deed of trust

8    enables the lender to appoint a substitute trustee under the deed of trust and permit the lender to

9    foreclose on the property if the borrower defaults.  *Id.*

10    Plaintiff defaulted on her loan February 1, 2009.  ReconTrust, as agent for the beneficiary,

11    MERS, recorded a notice of default and election to sell approximately one month later.  *See id.*, Ex.

12    D.  One month after that, ReconTrust recorded a notice of sale.  *Id.*, Ex. E.  A second notice of sale

13    was recorded on February 16, 2011.  *Id.*, Ex. F.  The property was then sold to defendant FNMA.

14    *Id.*, Ex. G.

15    Six months after the property was sold, and nearly six years after executing the loan

16    documents, plaintiff filed suit alleging fifteen separate causes of action.  The complaint alleged:  (1)

17    violations of the unfair lending practices statute, NRS § 598D; (2) deceptive trade practices; (3)

18    conversion; (4) conspiracy to engage in conversion related to the MERS system; (5) inspection and

19    accounting; (6) unjust enrichment; (7) breach of the implied covenant of good faith and fair dealing;

20    (8) injunctive relief; (9) declaratory relief; (10) violations of the Fair Housing Act, 42 U.S.C. § 3601;

21    (11) forcible entry; (12) forcible detainer; (13) wrongful ejectment; (14) wrongful occupancy of land;

22    and (15) trespass.[1]

23

24

25    [1] The eighth (injunctive relief), and ninth (declaratory relief) thirteenth (wrongful ejectment)

26    and fourteenth (wrongful occupancy) causes of action are not recognized as causes of action in
    Nevada.  Injunctive relief and declaratory relief are remedies, not claims.  Further, this court has

27    found no case or statutory law discussing wrongful ejectment or wrongful occupancy.  Accordingly,
    these "causes of action" are dismissed.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

**<u>Discussion</u>**

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

    1.      First Cause of Action: Violation of NRS § 598D

Pursuant to the version of the unfair lending practices statute in effect at the time of this loan, it was an unfair lending practice to approve a loan without considering a borrower's ability to repay. The statute of limitations for claims alleging a violation of the unfair lending practices act is three years. *See* NRS § 11.190(3)(a) (creating a three-year statutory period for claims premised on a violation of a statute).

Plaintiff signed the loan documents at issue in August of 2005. Plaintiff should have been aware at the time of origination whether or not she provided documentation regarding her ability to repay the loan. Plaintiff does not contend that she was unaware of the facts giving rise to her § 598D claim at the time she consummated the loan transaction. Accordingly, this cause of action accrued in 2005, when the loan was finalized. Therefore, the claim for unfair lending practices is time barred.

    2.      Second Cause of Action: Deceptive Trade Practices

Plaintiff's second cause of action alleges deceptive trade practices pursuant to NRS §§

James C. Mahan
U.S. District Judge

1   598.0915 and 598.0923.  Compl. ¶ 40.

2       Subsection 598.0915 makes knowingly making any false representation in a transaction a

3   deceptive trade practice.  Here, plaintiff alleges that "the defendants did not furnish plaintiff the

4   correct [n]otice of [s]ervicing that the loan may be assigned, sold, or transferred to any other person

5   in violation of 12 U.S.C. 2605(a)."  Compl. ¶ 43. This claim is barred by the applicable statute of

6   limitations for a claim under the Deceptive Trade Practices Act, which is four years.  NRS

7   11.190(2)(d).  Again, plaintiff's claim arises from the origination of the loan in August of 2005, and

8   the instant action was filed in 2011, more than four years later.

9       Subsection 598.0923 does not apply to this case: (1) plaintiff has not alleged, under

10   subsection one, that any defendant has been conducting its business without a required license; (2)

11   subsections two and three apply to the sale or lease of goods or services; (3) plaintiff has not alleged

12   that any defendant, under subsection four, has used coercion, duress or intimidation in a transaction;

13   and (4) no defendant was the seller in a land sale installment contract under subsection five.

14       Moreover, many courts have recognized that the Deceptive Trade Practices act does not apply

15   to real property transactions, but to the sale of goods and services.  *See Reyna v. Wells Fargo Bank,*

16   *N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598

17   . . . applies only to goods and services and not to real estate loan transactions."; *see also Alexander*

18   *v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010)

19   ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [

20   N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage*

21   *Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a

22   mortgage foreclosure").

23       Accordingly, plaintiff's second cause of action is dismissed.

24       <u>3.</u>    <u>Third Cause of Action: Conversion; Fourth Cause of Action: Conspiracy</u>

25       To allege a conspiracy to defraud, a complaint must meet the particularity requirements of

26   Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining

27   the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).

28

James C. Mahan
U.S. District Judge

- 4 -

1    Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the

2    misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

3         Here, plaintiff makes conclusory allegations of fraud and fails to individualize the

4    defendants' conduct.  For example, plaintiff alleges that defendants "did willfully and knowing[ly]

5    conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate and

6    actively engage in fraudulent and predatory lending practices." Compl. ¶ 62.  The complaint alleges

7    that MERS was created as a fraudulent venture to take advantage of unwitting borrowers and that

8    the defendants "acted as creators for the conspiracy." Compl. ¶ 70-71.   Such general and vague

9    allegations are not sufficient to meet the heightened pleading standard of Rule 9(b).  Accordingly,

10   the third and fourth causes of action are dismissed as to all defendants.

11        5.      Fifth Cause of Action: Inspection and Accounting

12        An action for inspection and accounting will prevail only where the plaintiff can establish

13   that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells*

14   *Fargo*, 2010 WL 4102943 (D. Nev. 2010).  Absent special circumstances, no such relationship exists

15   between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th

16   Cir. 2007).

17        Plaintiff alleges that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan

18   transaction, the defendants were paid excessive interest and fees . . . Therefore proper discovery and

19   accounting will reveal the 'true realized' status of the account as stated." Compl. ¶ 78.  However,

20   plaintiff has failed to allege any special circumstances that would create the requisite fiduciary

21   relationship between her, the borrower, and one or more defendants, as a lender. *See McCurdy*, 2010

22   WL 4102943 (dismissing an action for inspection and accounting where plaintiff failed to allege the

23   requisite relationship of trust).   Accordingly, the fifth cause of action is dismissed as to all

24   defendants.

25        6.      Sixth Cause of Action: Unjust Enrichment

26        "An action based on a theory of unjust enrichment is not available when there is an express,

27   written contract, because no agreement can be implied when there is an express agreement."

28

**James C. Mahan**
**U.S. District Judge**

1    *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus

2    the doctrine of unjust enrichment only "applies to situations where there is no legal contract but

3    where the person sought to be charged is in possession of money or property which in good

4    conscience and justice he should not retain but should deliver to another [or should pay for]."  *Id.*

5        Plaintiff's complaint admits that she entered into an express contract when she executed the

6    deed of trust and note.  Compl. ¶ 2.  Accordingly, her cause of action for unjust enrichment must fail.

7        <u>7.</u>     <u>Seventh Cause of Action: Implied Covenant of Good Faith and Fair Dealing</u>

8        To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege:

9    (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good

10    faith to the plaintiff; (3) the defendants breached that duty by performing in a manner that was

11    unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

12    *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith and

13    fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251,

14    1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately

15    contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev.

16    1994).  The covenant of good faith and fair dealing "only applies after a binding contract is formed."

17    *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

18        Plaintiff alleges that defendants breached the duty in two ways.  First, plaintiff contends that

19    by failing to pay equal consideration to plaintiff's financial interests, the defendants acted in bad

20    faith.  Second, plaintiff posits that defendants refused to negotiate with plaintiff in good faith after

21    plaintiff requested payment assistance under the Home Affordable Modification Program

22    ("HAMP").

23        Plaintiff's first contention must fail because it is established that lenders owe no fiduciary

24    obligations to borrowers absent exceptional circumstances.  *See Kwok v. CR Title Co., et. al.*, Case

25    No. 2:09-cv-2298, slip op. at 5 (D. Nev. June 23, 2010) (Hunt, J.).  No exceptional circumstances

26    or special relationship was alleged here.

27

28

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff's second allegation regarding the covenant of good faith and fair dealing alleges that

2    the defendants failed to meet their obligations under the federal HAMP program, and that the failure

3    constitutes a breach of the covenant of good faith and fair dealing.  Compl. ¶ 95.  However, even if

4    the plaintiff has a private right of action under HAMP, plaintiff has failed to allege any conduct by

5    the defendants which deliberately contravened the intention and spirit of any agreement between

6    them.  In fact, none of plaintiff's allegations stem from the loan agreement between the parties at all;

7    plaintiff's claim is more properly a statutory cause of action.  Accordingly, claim seven is dismissed

8    as to all defendants.

9         8.    Tenth Cause of Action: Fair Housing Act

10    The Fair Housing Act prohibits discrimination in making housing loans based on the "race,

11   color, religion, sex, handicap, familial status, or national origin" of the applicant.  *See* 42 U.S.C. §

12   3605(a) and (b)(1).  To assert a claim under the Fair Housing Act, plaintiff must establish: (1) that

13   she is a member of a protected class; (2) that she applied for and was qualified for a loan; (3) that

14   the loan was given on grossly unfavorable terms; and (4) that the lender continues to provide loans

15   to other applicants with similar qualifications, but on significantly more favorable terms.  *Munoz v.*

16   *Int'l Home Capital Corp.*, Case No. 03-1099 RS, 2008 WL 3086907, *4 (N.D. Cal. May 4, 2004).

17    Plaintiff's complaint does not address the majority of these factors.  Plaintiff asserts that she

18   speaks poor English.  Assuming, without deciding, that this satisfies the first element by establishing

19   that she is the member of a protected class, she still has not alleged that she was qualified for a better

20   loan or that English speakers receive more favorable terms in their loans.  Accordingly, this claim

21   too must fail.

22        9.    Eleventh Cause of Action: Forcible Entry

23    Forcible entry is defined as entering upon or into real property by "breaking open doors,

24   windows or other parts of a house, or by fraud, intimidation or stealth, or by any kind of violence or

25   circumstance of terror. . ."  NRS § 40.230.

26    Plaintiff alleges that while she was away on business defendants "forcibly entered the

27   property, unlawfully and without due process and warning changed locks to access the subject

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

property."  Compl. ¶ 135.

Defendants contend that plaintiff fails to assert a cause of action for forcible entry because she "alleges no facts to support her claim that defendants used force or violence to enter the property, or that they engaged in any other action that could possibly sustain a claim for forcible entry." Def.'s Mot. 21:2-4.  Further, citing *Bonner v. Specialized Loan Servicing, LLC*, 2011 WL 1199998, *3 (D. Nev. 2011), defendants assert that plaintiff implicitly authorized the entry because the underlying foreclosure was authorized should plaintiff have defaulted on her loans.

This court agree with defendants, and finds that plaintiff cannot assert a cause of action for forcible entry because she not only failed to allege any acts of force, but also implicitly authorized defendants to change her door locks.  Plaintiff understood that if she defaulted on her loan, she would face foreclosure.  Thus, to the extent her forcible entry cause of action rests on the underlying foreclosure, it must be dismissed.

### 10.     Twelfth Cause of Action: Forcible Detainer

To state a claim for forcible detainer a person must either be guilty of entering (1) by force, or by menaces or threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or (2) who, in the nighttime, or during the absence of the occupant of any real property, unlawfully enters thereon, and who, after demand made for the surrender thereof, refuses for a period of 3 days to surrender the same to such former occupant. NRS. § 40.240.  The occupant of real property within the meaning of this subsection is one who, within 5 days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands. *Id.*

Plaintiff alleges a violation of NRS. § 40.240, even though plaintiff implicitly granted access to defendants when she defaulted on the terms of her deed of trust, which specifically authorized the sale of said property in the event that plaintiff failed to make mortgage payments. Therefore, plaintiff cannot allege that defendant "unlawfully entered" or unlawfully held or kept possession of the property.  This court agrees with the defendants that the foreclosure of the property was authorized by the plaintiff.  As such, to the extent that this cause of action is based on the foreclosure sale, this

**James C. Mahan**
**U.S. District Judge**

- 8 -

claim is dismissed.

Furthermore, plaintiff fails to allege that she made any demand to defendants to rechange the locks and that defendants refused said demand for a period of three days. These are essential elements of the tort of forcible detainer, and thus plaintiff's cause of action must fail. *See* NRS § 40.240(2).

11.   <u>Fifteenth Cause of Action: Trespass</u>

As evidenced by the deed of trust, plaintiff consented to lender's power of sale in the event that plaintiff defaulted on the terms of his deed of trust. According to the notice of default, Plaintiff breached her duty to make timely payments and the notice of trustee's sale shows that plaintiff did not cure such default. Thus, during the course of the foreclosure sale, any entry made on said property was specifically authorized by the plaintiff. Accordingly, the claim for relief for trespass is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED THAT plaintiff's complaint is DISMISSED without prejudice.

DATED November 18, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 9 -

Exhibit  F

Exhibit  F

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MONICA LEE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2:11-cv-01473-GMN-CWH |
| | ) | |
| BAC HOME LOANS SERVICING, LP; | ) | **ORDER** |
| MERSCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 17).  Plaintiff has filed no opposition to the motion.

Pursuant to Local Rule 7-2(b), the failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion.

Although a court may grant the Motion to Dismiss for failure to follow local rules, the Court must first consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995).  The Court has considered these factors and finds that Plaintiff has received ample notice and time within which to respond.  The Court also finds that consideration of these five factors weighs in favor of granting Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**.

DATED this 5th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge